**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| CLEON W. GILLIAM, | ) | No. CV 14-5716-PSG (PLA) |
| Plaintiff, | ) ) | **ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| v. | ) ) | |
| E. FRANCES, et al., | ) ) | |
| Defendants. | ) ) | |

**I.**

**INTRODUCTION**

On August 11, 2016, the Magistrate Judge issued a Third Report and Recommendation ("Third R&R") in this matter in which he recommended that defendant's Motion to Dismiss be granted and the action be dismissed with prejudice. (Doc. No. 72). On September 2, 2016, plaintiff filed a document entitled "Plaintiff's Exception to Magistrate Judge's Report and Recommendation." (Doc. No. 75). The Court construes this as plaintiff's Objections ("Objections" or "Obj.") to the pending Third R&R.

/

/

/

## II.

## DISCUSSION

Stating that another inmate will help him prepare a Fourth Amended Complaint, plaintiff generally argues that as a pro se plaintiff he should be given another chance to amend his Third Amended Complaint ("TAC"). However, plaintiff has already been given three chances to remedy the deficiencies of his original Complaint and has failed to do so. Plaintiff presents nothing in the Objections that would correct the noted deficiencies and state a claim of either deliberate indifference or intentional discrimination against defendant Frances.

Plaintiff argues that his "factual allegations [are] 'not so fantastical as to be clearly baseless.'" (Obj. at 5-6 (citation omitted)). He reiterates the contention he has made previously that his condition should have been obvious to defendant Frances and, therefore, her reclassification of his placement status constituted deliberate indifference. He relies on his allegation that she referred him to a specialist on September 16, 2013 (Obj. at 7; TAC at 5a), and on the statement she made to him after his injury that he has "one good leg," as justifying an inference that defendant was aware that plaintiff was at risk of falling down if placed in a cell without grab bars or rails. These arguments were previously considered and rejected in the Magistrate Judge's Third R&R, and plaintiff alleges no new facts that would lead to a different result.

Plaintiff also again argues that only another physician, not a nurse such as defendant Frances, was permitted to alter his "prescribed treatment," i.e., plaintiff's special placement status, and that defendant Frances, before changing his special placement status, had an obligation to "take appropriate action, 'whether by discussing [her] concern with the treating physician or by contacting a responsible administrator or higher authority.'" (Obj. at 7 (citing Perez v. Fenoglio, 792 F.3d 768, 780 (7th Cir. July 7, 2015)).

While Seventh Circuit authority is not binding on this Court, the facts of Perez are nevertheless distinguishable. In that case, Perez suffered a "gaping wound" on his hand during a prison basketball game. Perez, 792 F.3d at 774. The nurse wrapped his hand in gauze and stated that she was not authorized to provide pain medicine or to stitch the wound. Id. The

Seventh Circuit found that Perez stated a claim for deliberate indifference against the nurse by alleging she had knowledge of his severe injury, yet failed to provide adequate medical treatment herself, or to ensure that others did. Id. at 780. Whether the nurse had the authority to stitch wounds or dispense pain medication, and whether such actions were medically necessary, would be resolved by discovery. Id. In this case, plaintiff alleges that prior to changing his special placement status, defendant Frances had notice that plaintiff's prosthetic leg was not working properly and that she referred him to a specialist. (TAC at 5a). Here, defendant Frances was not providing medical "treatment" to plaintiff; she was merely determining his special placement status. Moreover, under Perez, defendant took steps to ensure plaintiff would "receiv[e] constitutionally adequate care" when she referred him to a specialist who would address plaintiff's concerns about problems with his prosthetic leg. See id. Plaintiff still offers no new factual allegations that would show that when defendant Frances changed plaintiff's special placement status she had any knowledge that the "problems" with plaintiff's prosthetic leg were such that he was unable to ambulate, and that he would, therefore, be subject to possible harm if placed in a cell without grab bars.

The Court agrees that plaintiff's factual allegations are not "fantastical," and acknowledges that he suffered injury when he fell in his cell. This, however, is not the standard to state a claim for deliberate indifference or discrimination. As discussed at length in the Third R&R (as well as in previous R&Rs and defendant's Motions to Dismiss (see Dkt. Nos. 25, 36, 47, 56)), even construing plaintiff's factual allegations liberally, he fails to demonstrate that defendant Frances was aware that plaintiff was not able to ambulate with a cane and his prosthesis when she changed his special placement status, or that she deliberately discriminated against him when she did so. In short, plaintiff's action is subject to dismissal because the facts alleged, even construed in the light most favorable to plaintiff, fail to state a claim against defendant Frances either for deliberate indifference or for discrimination.

/

/

## III.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings in this action, including the Third Amended Complaint, the other records on file herein, the Magistrate Judge's Third R&R, and plaintiff's Objections to the Third R&R. The Court has engaged in a de novo review of those portions of the Third R&R to which objections have been made. The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

(1) The Third Report and Recommendation is accepted.

(2) Defendant's Motion to Dismiss is **granted**.

(3) Judgment shall be entered consistent with this Order.

(4) The clerk shall serve this Order and the Judgment on all counsel or parties of record.

9/16/16_____                           _____
                                               HONORABLE PHILIP S. GUTIERREZ
                                               UNITED STATES DISTRICT JUDGE